UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Dale E. Holloway

   v.                                        Case No. 22-cv-009-SE

N.H. State Prison Warden Michelle Edmark

**REPORT AND RECOMMENDATION**

Before the court is New Hampshire State Prison ("NHSP") prisoner Dale E. Holloway's petition for writ of habeas corpus (Doc. No. 1), filed under 28 U.S.C. § 2254, challenging his conviction and detention in State v. Holloway, No. 216-2019-cr-1856 (N.H. Super. Ct., Hillsborough Cty.-N.D.) ("Holloway II"). Also before the Court is an addendum to that petition (Doc. No. 8) in which Mr. Holloway asserts that he fears for his health and safety while incarcerated at the NHSP. The petition is here to determine whether Mr. Holloway's claims are facially valid and may proceed. See 28 U.S.C. § 2243; Rule 4 of the Rules Governing Section 2254 Cases ("§ 2254 Rules"); LR 4.3(d)(4)(A).

**§ 2254 Rule 4 Review Standard**

Pursuant to § 2254 Rule 4, a judge is required to promptly examine any petition for habeas relief, and if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." Id. "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland v. Scott, 512 U.S.

849, 856 (1994). The court construes Mr. Holloway's pleadings liberally, in light of his pro se status. See Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008).

## Background

I.  State Proceedings

   A.  Criminal Cases

Mr. Holloway is presently at the NHSP, serving a sentence imposed in Holloway II, the prosecution at issue in this § 2254 petition. Holloway II arose from Mr. Holloway's assault of the attorney who was representing him in another pending criminal case, State v. Holloway, No. 226-2019-cr-814 (N.H. Super. Ct., Hillsborough Cty.-S.D.) ("Holloway I"), while they were meeting at the Hillsborough County Department of Corrections ("HCDC"). Holloway I remains pending and is currently scheduled for a May 2023 trial in Superior Court.

Holloway II has proceeded on a faster track than Holloway I. The Superior Court allowed Mr. Holloway to represent himself in Holloway II, and Attorney Brian Lee was appointed as stand-by counsel. On May 27, 2021, Mr. Holloway entered a plea of guilty to two counts of first degree assault in Holloway II. The Superior Court sentenced him to serve seven to fifteen and a half years on one first degree assault charge and imposed a five-to-ten-year suspended sentence on the second first degree assault charge. Other charges in Holloway II were nolle prossed. Mr. Holloway did not appeal the judgment in that case.

On March 15, 2022, approximately eight months after his Holloway II sentencing hearing, Mr. Holloway filed a pro se motion for a new trial in Superior Court. The record before the Court does not indicate whether a decision has been made on Mr. Holloway's motion for a new trial.

B. State Petitions

Mr. Holloway filed pleadings in the state courts, prior to his Holloway II conviction, seeking release from preventive detention and challenging the indictments in both Holloway I and Holloway II. Those proceedings included Mr. Holloway's petition for discretionary review, filed in the New Hampshire Supreme Court ("NHSC"), under NHSC Rule 11. See In re Holloway, No. 2021-0054 (N.H., filed Feb. 18, 2021). The NHSC summarily denied that petition on April 15, 2021. See id. (Apr. 15, 2021 Order) (Doc. No. 1-1, at 3).

III. Federal Proceedings

In 2021, Mr. Holloway filed two petitions under 28 U.S.C. § 2241 in federal court, asserting pre-conviction challenges to Holloway I and Holloway II. See Holloway v. Hillsborough Cty. Dep't Corr. Superintendent, No. 21-cv-205-PB (D.N.H.) ("First § 2241 Petition"); see also Holloway v. United States, No. 21-cv-456-JD (D.N.H.) ("Second § 2241 Petition"). Both of those petitions were dismissed without prejudice. See First § 2241 Petition, 2021 WL 1227082, 2021 U.S. Dist. LEXIS 198029 (D.N.H.

3

Apr. 1, 2021); see also Second § 2241 Petition, 2021 U.S. Dist. LEXIS 197030, 2021 WL 4772120 (D.N.H. Oct. 12, 2021).

Mr. Holloway filed a third § 2241 petition in federal court in January 2022 after he was sentenced in Holloway II. See Holloway v. N.H. State Prison Warden, No. 22-cv-22-SM (D.N.H.) ("Third § 2241 Petition"). The Court construed the Third § 2241 Petition as seeking federal habeas relief relative to Holloway I; the September 12, 2022 Report and Recommendation ("R&R") issued in that case recommends dismissal. See Sept. 12, 2022 R&R, Third § 2241 Petition (ECF No. 12).

## Claims in this § 2254 Petition

Construed liberally, this § 2254 petition (Doc. No. 1) asserts the following claims relating to Holloway II:

1. The time that elapsed between Mr. Holloway's arrest, indictment, and trial in Holloway II violated his right to a speedy trial under (a) the Sixth Amendment and (b) state laws and policies;

2. The preventive detention order in Holloway II, which did not allow for Mr. Holloway's release on bail, violated: (a) his rights under the Eighth Amendment Excessive Bail Clause, (b) the Fourteenth Amendment Due Process Clause, and (c) state laws and policies;

3. The conditions of Mr. Holloway's preventive pretrial detention at the HCDC violated (a) his right to due process under the Fourteenth Amendment, and (b) his right not to be subjected to involuntary servitude under the Thirteenth Amendment;

4. The Superior Court's decision not to appoint new trial counsel for Mr. Holloway, and instead to allow Attorney Lee to remain as standby counsel, violated: (a) Mr. Holloway's Sixth Amendment right to counsel, (b) his Fourteenth Amendment right to due process, and (c) his Fourteenth Amendment right to equal protection;

4

5.   Mr. Holloway's failure to file any state post-conviction motion or post-conviction state habeas petition raising Claims 1-4, supra, was the result of the ineffective assistance of counsel or the lack of counsel, manifesting a violation of Mr. Holloway's Sixth Amendment rights; and

6.   Mr. Holloway's guilty plea was involuntary, in violation of his right to due process under the Fourteenth Amendment.

In the addendum to the § 2254 petition (Doc. No. 8), Mr. Holloway asserts the following claim:

7.   The conditions of Mr. Holloway's confinement at the NHSP have violated the Eighth Amendment's Cruel and Unusual Punishment Clause.

## Discussion

I.   State Laws and Policies (Claims 1(b), 2(c))

This court has jurisdiction over petitions for a writ of habeas corpus, seeking relief on the grounds that the petitioner is confined pursuant to a state judgment, in violation of his or her federal rights.  28 U.S.C. § 2254.  Claims of violations of state laws and policies are generally not cognizable in a § 2254 petition.  See Wilson v. Corcoran, 562 U.S. 1, 16 (2010) ("it is only noncompliance with federal law that renders a State's criminal judgment susceptible to collateral attack" in a § 2254 petition (emphasis added)); Estelle v. McGuire, 502 U.S. 62, 67 (1991) ("'federal habeas corpus relief does not lie for errors of state law'" (citation omitted)).

5

Mr. Holloway's claims identified here as Claims 1(b) and 2(c), asserting violations of state laws and policies, do not provide grounds for relief under 28 U.S.C. § 2254. Accordingly, the district judge should dismiss those claims for lack of jurisdiction.

II. Pretrial Detention (Claims 2(a)-(c), 3)

A habeas corpus petition under 28 U.S.C. § 2254 is the proper vehicle for a state prisoner, in custody pursuant to the judgment of a state court, to challenge the constitutionality of his current custody. Claims for release asserted in a § 2254 petition filed by a convicted prisoner, however, challenging his or her pre-trial confinement -- including excessive bail claims and claims challenging the conditions of pretrial confinement -- become moot upon that prisoner's conviction and transfer to state prison. See Jackson v. Clements, 796 F.3d 841, 843 (7th Cir. 2015); Porter v. Pelino, 985 F.2d 552, 1992 U.S. App. LEXIS 32221, at *5, 1992 WL 436195, at *2 (1st Cir. Dec. 9, 1992) (unpublished table decision); Williams v. Wall, No. 09-cv-0055-ML, 2009 U.S. Dist. LEXIS 120122, at *5-6, 2009 WL 4981463, at *2 (D.R.I. Dec. 1, 2009), R&R adopted, 2009 U.S. Dist. LEXIS 120125, 2009 WL 4981463 (D.R.I. Dec. 22, 2009); see also Laster v. Skipper, No. 1:21-cv-366, 2021 U.S. Dist. LEXIS 86767, at *4, 2021 WL 1809837, at *2 (W.D. Mich. May 6, 2021) (citing Murphy v. Hunt, 455 U.S. 478, 481 (1982) (in general, Eighth Amendment

claim to pretrial bail becomes moot once criminal defendant is convicted)).

Mr. Holloway's conviction and transfer to the NHSP has mooted the claims numbered here as Claims 2 and 3. Accordingly, the district judge should dismiss those claims as not facially valid or cognizable in this proceeding.

III. Post-Conviction Counsel Claims (Claim 5)

Criminal defendants generally have no federal right to counsel in state post-conviction collateral review proceedings and thus cannot obtain federal habeas relief based on stand-alone claims of a violation of the Sixth Amendment or Fourteenth Amendment right to counsel, or to the effective assistance of counsel, in those proceedings. See Pennsylvania v. Finley, 481 U.S. 551, 557 (1987) ("States have no obligation to provide . . . [postconviction relief], and when they do, the fundamental fairness mandated by the Due Process Clause does not require that the State supply a lawyer as well." (citations omitted)); see also 28 U.S.C. 2254(i). Claim 5 does not articulate a Sixth or Fourteenth Amendment claim that could be cognizable in a § 2254 petition. Accordingly, Claim 5 should be dismissed.

IV. Exhaustion

To be eligible for relief under § 2254, the petitioner must show that he has exhausted the remedies available in the state courts for each of his claims, or that state court remedies are unavailable or ineffective to protect his rights. See 28 U.S.C.

7

§ 2254(b)(1); see also Rose v. Lundy, 455 U.S. 509, 510 (1982). A petitioner's state court remedies in New Hampshire are exhausted when the NHSC has had an opportunity to rule on the claims. See Lanigan v. Maloney, 853 F.2d 40, 42 (1st Cir. 1988). The burden is on the petitioner to demonstrate exhaustion of state remedies. See id.

In dismissing Mr. Holloway's prior § 2241 petitions for lack of exhaustion, the court concluded that he had not demonstrated that his NHSC Rule 11 proceedings exhausted his state remedies on the claims in those petitions that resemble those asserted in this § 2254 petition. See Second § 2241 Petition, 2021 WL 5868223, at *4, 2021 U.S. Dist. LEXIS 198029, at *10 (D.N.H. Aug. 3, 2021) ("Absent a showing that the NHSC in fact ruled on the merits of [Mr. Holloway's] claims or that [petitioner] is now otherwise barred under state law from litigating the same claims in a direct appeal or in other state collateral proceedings, the record here does not demonstrate that his prior [NHSC] Rule 11 filings exhausted his state remedies on those claims."), R&R adopted, 2021 U.S. Dist. LEXIS 197030, 2021 WL 4772120 (D.N.H. Oct. 12, 2021).

There have been no further proceedings culminating in an opportunity for NHSC review relating to Mr. Holloway's claims at issue here, since the dismissal of those prior § 2241 petitions. Accordingly, Mr. Holloway has not exhausted his state remedies as to all of the claims in this § 2254 petition.

A federal district court confronting a petition containing one or more unexhausted claims generally cannot grant any relief. The court has the option of dismissing the petition in its entirety, without prejudice, or staying and holding the petition in abeyance if there is good cause to do so, while the petitioner returns to state court to exhaust his state remedies on the unexhausted claims. See Rhines v. Weber, 544 U.S. 269, 274-75 (2005). Good cause for a stay of a § 2254 petition may be found where the unexhausted claims are potentially meritorious and the petitioner has not engaged in dilatory tactics. See id. at 278. In the alternative, a petitioner may amend a petition to delete the unexhausted claims, rather than exhausting his state remedies as to those claims, see id. at 278, although in doing so, the petitioner risks losing the opportunity to seek relief on the deleted claims in any future § 2254 petition, pursuant to 28 U.S.C. § 2244(b).

This court has not identified any federal habeas claim in this case as to which Mr. Holloway has demonstrated that he exhausted his state court remedies. In the Order issued this date, the court grants Mr. Holloway the opportunity to move to stay the instant petition so that he can return to the state courts to exhaust his previously unexhausted federal claims,

including, specifically, Claims 1(a), 4, 6, and 7, which are not the subject of this R&R's recommendation of dismissal.[1]

## Conclusion

For the foregoing reasons, the district judge should dismiss Claims 1(b), 2, 3, and 5 and find that Mr. Holloway has not exhausted his state remedies as to Claims 1(a), 4, 6, and 7.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file any objection within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016). Only those issues raised in the written objections to this R&R "'are subject to review in the district court,'" and any issues "'not preserved by such objection are precluded on appeal.'" Id. (citations omitted).

_____
Andrea K. Johnstone
United States Magistrate Judge

September 21, 2022

cc: Dale E. Holloway, pro se

---

[1]This court expresses no opinion at this time, and reserves for further disposition after the issue is briefed and Mr. Holloway has completely exhausted his state court remedies, a ruling as to whether Mr. Holloway's Eighth Amendment conditions of confinement claim is potentially meritorious and may be cognizable in this § 2254 petition.

10